# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRYANT MCLAUGHLIN,<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>3:24-cr-00019-TES-CHW-2 |

## ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Bryant McLaughlin Third Motion to Continue Trial [Doc. 115]. Trial is currently set to begin March 24, 2025, and the Government does not oppose another continuance. [Doc. 115, pp. 1, 3]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On May 15, 2024, the Grand Judy returned a five-count Indictment [Doc. 1] charging Defendant McLaughlin with two counts: Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, in connection with 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2. [Doc. 1, pp. 1–3]. On November 18, 2024, Defendant McLaughlin was arraigned and ordered detained pending trial. [Doc. 82]; [Doc. 87].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the

requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant McLaughlin requests another continuance because he "has still not received the discovery" previously sorted by his attorney and still needs time to review that discovery. [Doc. 115, p. 2]. Additionally, Defendant McLaughlin states that his attorney "needs additional time to ensure that [he] has received and reviewed the discovery." [*Id.*]. Therefore, so that reasonable time may be had for Defendant McLaughlin to sufficiently review the discovery material and so that his attorney may conduct any necessary defense investigations, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), that a failure to grant a continuance would likely result in

a miscarriage of justice. Accordingly, the Court **GRANTS** Defendant McLaughlin's Third Unopposed Motion to Continue Trial [Doc. 115] and **CONTINUES** this case to *April 21, 2025*. The ends of justice served by this continuance outweigh the best interests of the public and Defendant McLaughlin in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay. The Pretrial Conference set for February 12, 2025, is continued to March 19, 2025, to be held in Athens, Georgia.

**SO ORDERED**, this 5th day of February, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**