IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRYANT MCLAUGHLIN,<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>3:24-cr-00019-TES-CHW-2 |

### ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Bryant McLaughlin Fourth Motion to Continue Trial [Doc. 133]. Trial is currently set to begin April 21, 2025, and the Government does not oppose another continuance. [Doc. 116, p. 1]; [Doc. 133, pp. 1, 3]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On May 15, 2024, the Grand Judy returned a five-count Indictment [Doc. 1] charging Defendant McLaughlin with two counts: Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, in connection with 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2. [Doc. 1, pp. 1–3]. On November 18, 2024, Defendant McLaughlin was arraigned and ordered detained pending trial. [Doc. 82]; [Doc. 87].

While the grant of a continuance is left to the sound discretion of the trial judge,

*United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant McLaughlin requests another continuance because after meeting with his attorney about the discovery in this case, "he has tentatively elected to proceed to trial." [Doc. 133, p. 2]. Additionally, Defendant McLaughlin states that he "wants to be tried with his co-defendant," Defendant Sammy Davis Fleming, "who was recently arrested in South Carolina." [*Id.*]. According to Defendant McLaughlin's Motion, the Government is also requesting "that the two defendants be tried together." [*Id.* at p. 3]. Since no motion for severance has been granted in this case,

and "the time for trial has not run" with respect to Defendant Fleming, the Court **GRANTS** Defendant McLaughlin's Fourth Unopposed Motion to Continue Trial [Doc. 133]. 18 U.S.C. § 3161(h)(6). The Court **CONTINUES** this case to *May 27, 2025*. The ends of justice served by this continuance outweigh the best interests of the public and Defendant McLaughlin in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161 for excusable delay. *See* [Doc. 133, p. 3]. The pretrial conference set for March 19, 2025, is canceled, and the Court will re-schedule a pretrial conference at a later date.

    **SO ORDERED**, this 18th day of March, 2025.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**
